UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| WILLIAM B. FRANCIS | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:12-0475 |
| | ] | Judge Trauger |
| DAVID SEXTON | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Sexton, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

On April 19, 2006, a jury in Davidson County found the petitioner guilty of second degree murder. Docket Entry No.16-1 at pg.69. For this crime, he received a sentence of twenty five (25) years in prison. *Id.* at pg.76.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. Docket Entry No.16-9 at pgs.80-86. The Tennessee Supreme Court later denied petitioner's application for additional review. *Id.* at pg.100.

In October, 2008, the petitioner filed a *pro se* petition for

1

state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.16-10 at pgs.16-25. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.56-68. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.16-12 at pgs.42-50.

## II. Procedural History

On May 14, 2012, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. The petition sets forth six claims for relief. These claims include :

1) the trial judge erred when he allowed the admission of evidence of prior bad acts;

2) the trial judge erred when he gave an instruction on the law of flight and the inference of guilt that may be drawn from such flight;

3) the petitioner's sentence was excessive;

4) the petitioner was denied the effective assistance of counsel;[1]

5) the petitioner was actually innocent of the charge; and

6) prosecutorial misconduct occurred when the prosecutor "resorted to improper argument and the use of testimony and evidence which should have been suppressed."

---

[1] At trial, the petitioner was represented by Jonathan Wing and Tyler Yarbro, both Public Defenders in Davidson County.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court are the petition and respondent's Answers (Docket Entry Nos.15 and 19) to the petition, to which the petitioner has offered no response. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states

3

and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[2]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

The petitioner's first three claims, i.e., the admission of prior bad acts evidence (Claim No.1)[3], an improper jury instruction (Claim No.2), and the excessiveness of petitioner's sentence (Claim No.3), were offered to the state courts as perceived errors of state rather than federal law. Docket Entry No.16-9 at pgs.24-42. As a consequence, these claims have never been fully exhausted as federal claims.

Unfortunately, at this late date, it appears that state court remedies for petitioner's first three federal claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal

---

[3] The evidence in question consisted of a prior assault on the victim, the victim's order of protection from the petitioner, and his allegedly threatening behavior towards the victim.

5

review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for his failure to exhaust these claims as questions of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently,

petitioner's first three claims will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

The petitioner's fifth and sixth claims, i.e., his claim of actual innocence (Claim No.5) and prosecutorial misconduct (Claim No.6), were never raised in a state appellate court. *See* Docket Entry No.16-9 at pgs.3-43 (direct appeal); Docket Entry No.16-12 at pgs.3-15 (post-conviction). As noted above, state courts remedies for these claims are no longer available. Therefore, these claims have been procedurally defaulted as well. The petitioner's pleadings do not suggest any cause or prejudice sufficient to excuse his failure to raise these claims in the state courts in a timely manner. Accordingly, in the absence of cause and prejudice, the procedural default of these remedies is unexcused and will not support an award of federal habeas corpus relief.

**B.) Ineffective Assistance of Counsel**

The petitioner's remaining claim (Claim No.4) is that his attorneys were ineffective. This claim was fully exhausted in the state courts based upon three specific instances of alleged misconduct.[4] In describing the ineffective assistance claim in the

---

[4] In the state courts, the petitioner claimed that his attorneys were ineffective because (1) they failed to pursue a self-defense strategy at trial, (2) they neglected to file a pre-trial motion to exclude any reference to petitioner residing in a halfway house, and (3) they failed "to require the Court to state

7

instant petition, though, the petitioner does not set forth these grounds as a basis for his claim. Instead, he says simply "Counselors' performance fell below reasonable objective standards. But for counselors' errors reasonable probability exist that I would have enjoyed different outcome." Docket Entry No.1 at pg.11.

A habeas petitioner is required to "state the facts supporting each ground." Rule 2(c)(2), Rules -- Governing § 2254 Cases. The petitioner has not described any specific instances in which counsels' representation was deficient. Nor has he asserted any factual allegations that might suggest inadequate representation. In short, this claim is conclusory in nature and has no merit.

The Court could, within its discretion, construe the petitioner's federal ineffective assistance claim to include those allegations of ineffective assistance that had been fully exhausted by him in the state courts. *See* Footnote No.4. Such a construction of the claim, however, would not alter its final disposition.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run

---

specifically on the record what factors it was using to sentence the Appellant." Docket Entry No.16-12 at pgs.3-15.

"contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). As a consequence, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The petitioner has made no showing that the state courts' rejection of his ineffective assistance claim was in any way contrary to federal law. Accordingly, the ruling of the state courts as to this issue will not be disturbed and the claim should properly be dismissed.

## IV. Conclusion

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law.

Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge